### LANHAM v. COCKRELL.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 2, 1912. On Motion for Rehearing, Dec. 14, 1912.)

1. BROKERS (§ 88*)—COMMISSIONS—ACTIONS—ISSUES.

Where, in an action by a broker for commissions for procuring an exchange of the property, his principal and the other party to the exchange testified to a parol agreement of exchange, but they differed as to the terms thereof, and the principal stated that he and the other party misunderstood each other as to the terms, and that the other party refused to make the exchange, instructions, submitting the question whether or not the principal and the other party reached an agreement for exchange of their respective property and making a recovery dependent on an affirmative finding, were proper.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121–130; Dec. Dig. § 88.*]

2. BROKERS (§ 54*) — COMMISSIONS — WHEN EARNED.

A broker employed to procure an exchange of his principal's real estate must, to recover the agreed commission, show that the party procured was ready, able, and willing to exchange his property for the principal's property on terms satisfactory to the latter, and where the party procured orally agreed to exchange, but thereafter refused so to do, the broker had not earned a commission.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 75–81; Dec. Dig. § 54.*]

### On Motion for Rehearing.

3. TRIAL (§ 194*) — INSTRUCTIONS — WEIGHT OF EVIDENCE.

Where, in an action by a broker for commissions for procuring an exchange of the property of his principal, there was evidence of a parol agreement to exchange, but a misunderstanding of the parties as to the terms thereof, and a failure to exchange, an instruction that according to the undisputed evidence the principal verbally agreed for the exchange of his property, given on the submission of the issue whether the principal and the other party had reached an agreement for an exchange, was not objectionable as on the weight of the evidence bearing on another issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

Appeal from District Court, Baylor County; P. A. Martin, Judge.

Action by J. M. Lanham against J. T. Cockrell. From a judgment for defendant, plaintiff appeals. Affirmed.

Carrigan & Householder, of Wichita Falls, and Joe Wheat, of Seymour, for appellant. D. A. Holman and Glasgow & Kenan, all of Seymour, for appellee.

DUNKLIN, J. J. T. Cockrell employed J. M. Lanham, a real estate broker, to procure an exchange of property owned by Cockrell situated in Baylor county, for property situated in Mineral Wells owned by J. I. Campbell, agreeing to pay Lanham for such services a commission of $2,000 certain, and, if the market value of the property to be so exchanged by Cockrell should be found to exceed $100,000, then Cockrell should pay to Lanham an additional commission equal to 2 per cent. of such excess. Lanham instituted this suit against Cockrell to collect the commission named, alleging the terms of his employment, and further that through his efforts Cockrell and Campbell entered into negotiations with each other, and, after each had inspected the property of the other, they entered into an agreement for the exchange of those properties upon terms satisfactory to Cockrell, but that later Cockrell failed and refused to consummate the trade, although Campbell was ready, willing, and able to do so.

[1] By the first, second, and third assignments of error complaint is made of the trial court's instructions to the jury in which the question whether or not Campbell and Cockrell reached an agreement for exchange of their respective properties was submitted to the jury as a controverted issue of fact, and appellant's right to a recovery was made to depend on an affirmative finding on that issue. The contention is made under these assignments that the undis-

puted evidence shows that such an agreement was made by and between Cockrell and Campbell, and that the submission of that as a controverted issue was misleading and likely to excite in the minds of the jury doubt of the truth of such evidence.

While both Campbell and Cockrell testified that a parol agreement was reached by them at Mineral Wells for an exchange of properties, yet in their testimony they differed concerning the terms of the agreement; Cockrell testifying that Campbell agreed to pay $12,000 in cash to cover the difference in values of the respective properties, and Campbell testifying that he did not agree to pay the difference in cash, but to execute vendor's lien notes therefor in Cockrell's favor. Cockrell further testified that later, when he and Campbell met in Ft. Worth to consummate the trade, he discovered upon talking to Campbell that they had misunderstood each other relative to the terms of the trade; that in fact they never reached any agreement to trade; and that Campbell was unable and refused to pay the cash consideration of $12,000 already mentioned. In view of this testimony the foregoing assignments are overruled.

[2] One paragraph of the court's charge to the jury reads: "You are further instructed that if you find from the evidence that the parties, Cockrell and Campbell, entered into such a contract as herein charged, and you further find from the evidence that J. I. Campbell refused to comply with the proposition or contract agreed upon, then you will find for the defendant." Appellant insists that by this instruction an issue is submitted which was not raised by the pleadings, and that therefore it was prejudicial to him in that it tended to mislead and confuse the jury. If Campbell and Cockrell did reach an agreement at Mineral Wells to exchange their properties, as appellant insists, yet it was proven without controversy that the agreement was in parol only, and hence not capable of specific enforcement in court by Cockrell. It was therefore incumbent upon appellant to prove that he procured a purchaser in Campbell ready, willing, and able to purchase the property upon terms satisfactory to Cockrell. This issue was presented by appellant's petition. If Campbell entered into the parol agreement testified to by Cockrell, and later failed and refused to consummate it, then appellant did not earn a commission. The instruction was warranted by appellee's general denial and his testimony referred to above.

Appellant's requested instruction No. 1 was correctly refused because it embodied the proposition that appellant earned the commission if in pursuance of his employment he procured Campbell to enter into a parol agreement with Cockrell to exchange properties, even though the jury should further believe that the agreement was as Cockrell understood it, and even though Campbell refused to consummate it. For reasons indicated there was no error in refusing appellant's requested instruction No. 3, which was a peremptory instruction for a verdict in appellant's favor.

Special instruction No. 4 requested by appellant contained the statement that, "according to the undisputed evidence in this case, the defendant, J. T. Cockrell, made a verbal agreement on or about the 14th day of June, 1911, for the exchange of certain property in Baylor county, Tex., with J. I. Campbell in Mineral Wells." This instruction was furthermore upon the weight of evidence bearing on another issue. In view of the testimony of Cockrell already noted, this instruction was properly refused.

The verdict and judgment are sustained by the evidence. Hence the ninth assignment of error is overruled.

The judgment is affirmed.

## On Motion for Rehearing.

[3] Special instruction No. 4 requested by appellant and discussed in our opinion upon original hearing related solely to the issue whether or not defendant Cockrell and Campbell reached an agreement on June 14, 1911, for the exchange of their respective properties, and we were in error in stating that it was upon the weight of the evidence bearing upon another issue.

With this correction the motion for rehearing is overruled.